679 So.2d 154 (1996)
Kenneth BROWN, Plaintiff-Appellant,
v.
PIONEER LOG HOMES, Defendant-Appellee.
No. 28488-CA.
Court of Appeal of Louisiana, Second Circuit.
June 26, 1996.
*155 Campbell, Campbell & Johnson by Cecil P. Campbell, Minden, for Appellant.
Wiener, Weiss, Madison & Howell by Larry Feldman, Jr., Shreveport, for Appellee.
Before HIGHTOWER, STEWART and GASKINS, JJ.
STEWART, Judge.
In this worker's compensation action, Kenneth Brown appeals the worker's compensation hearing officer (WCHO) decision that Pioneer Log Homes properly reduced his worker's compensation payments from maximum indemnity benefits to supplemental earnings benefits.
We affirm the decision of the WCHO and sustain the exception of no right of action filed by Louisiana Home Builders.

FACTUAL BACKGROUND
Kenneth Brown (Mr. Brown) was injured during the course and scope of his employment with Pioneer Log Homes (Pioneer) on May 26, 1992 when he fell from a scaffold. From this fall, Mr. Brown suffered a comminuted fracture of his proximal right tibia (shattered knee). Dr. Fletcher Sutton performed open reduction internal fixation surgery on Mr. Brown's injured knee on May 27, 1992. Two pins and wire were placed in Mr. Brown's knee. The pins were removed shortly after the surgery. Mr. Brown remained under the care of Dr. Fletcher Sutton with conservative treatment until September 7, 1993, when the doctor opined Mr. Brown reached maximum medical recovery. Mr. Brown was released from the medical care of Dr. Sutton, to see him on an as needed basis.
On May 26, 1992, Pioneer began paying Mr. Brown worker's compensation benefits through Louisiana Home Builders Association (LHB) self-insured fund. From May 26, 1992, until June 8, 1994, Mr. Brown received maximum benefits in the amount of $295.00 per week ($1,180.00 per month). After his release from physical therapy, Pioneer hired a licensed vocational rehabilitation consultant to assist Mr. Brown in his recovery and his return to light duty employment. Janet Posey Papworth, began rehabilitative treatment for Mr. Brown on January 21, 1994. Ms. Papworth completed an initial report on February 14, 1994. On March 7, 1994, Mr. Brown, his wife, and Ms. Papworth consulted with Dr. Sutton regarding Mr. Brown's condition. Dr. Sutton indicated Mr. Brown could not return to carpentry work, but could return to work in a sedentary-type position. Shortly thereafter on April 7, 1994, Ms. Papworth forwarded seven job analyses of identified positions to Dr. Sutton for his approval of the jobs which would be medically appropriate for Mr. Brown. Dr. Sutton approved five of the seven jobs. Information for the approved jobs was relayed to Mr. Brown and his attorney. Ms. Papworth offered her assistance to Mr. Brown for help he might need in finding employment. Mr. Brown did not respond to Ms. Papworth's offer of assistance, therefore; Mr. Brown's file with Ms. Papworth was closed on August 3, 1994.
On June 8, 1994, Pioneer began paying Mr. Brown supplemental earnings benefits (SEB) in the amount of $755.56 per month. Pioneer thought the reduction justified after receiving *156 information from several sources. The reduction in benefits was based on job information contained in a labor market survey, additional information from a licensed vocational rehabilitation consultant, and information from Mr. Brown's treating physician. On September 16, 1994 Mr. Brown filed a claim disputing the reduction in benefits.
After a hearing held on April 27, 1995, the WCHO made the following findings:
1) Brown was injured during the course and scope of his employment with Pioneer Log Homes, Inc.
2) Brown failed to meet the burden of proof that he is entitled to temporary total disability benefits as a result of the May 26, 1992, work injury he sustained.
3) Brown was paid maximum indemnity benefits until June 8, 1994.
4) Brown was properly paid SEB payments at the correct amount based on the totality of the evidence at trial.
6) All Brown's medical expenses have been paid by Pioneer.
7) Brown had an earning capacity of at least $5.00 an hour.
8) Brown could perform the duties of the jobs of dispatcher for Louisiana Industries and alarm dispatcher for the Alert Center. Both jobs were available and approved by Dr. F. Sutton.
9) Telemarketing and home craft assembly positions were not available to Brown.
The hearing officer further stated Brown was not entitled to temporary total disability benefits or permanent and total disability benefits. Brown was entitled to SEB at a rate already being paid by Pioneer with credit for all benefits previously paid. Brown's claims for temporary total disability and permanent and total disability were dismissed at his cost.
In reviewing the actions of a hearing officer, an appellate court applies the same standard as that used for a trial court judge. Hawthorne v. Dillard Dept. Stores, Inc., 618 So.2d 593 (La.App. 2d Cir.1993). Factual findings produced below are afforded great deference on appeal and should be reversed only when clearly wrong in light of the entire record. Alexander v. Pellerin Marble & Granite, 93-1698 (La.01/14/94), 630 So.2d 706. With the one exception discussed below, we find that the decisions of the WCHO are not clearly wrong in light of the entire record.

LHBNO RIGHT OF ACTION EXCEPTION
LHB was named as a defendant in the original petition filed on September 16, 1994. LHB filed an exception of no right of action on October 19, 1994. The exception was based on the fact that LHB is not an insurer and is not deemed insurance. The matter was not resolved by the worker's compensation hearing officer. During the hearing, when this issue was raised, the WCHO indicated the matter would be taken up during the course of the hearing. The record does not indicate any action being taken on the matter. The written decision of the WCHO does not indicate any action or finding regarding the exception. We find the exception of no right of action filed by LHB should have been sustained by the WCHO.
Under former La.R.S. 23:1191, now La. R.S. 23:1195(A)(1),[1] any five or more members of the same bona fide trade or professional association may enter into an indemnity agreement to pool their worker's compensation liabilities. Such arrangements, known as group self-insurance funds, shall not be deemed to be insurance and shall not be subject to the provisions of the Louisiana Insurance Code. La.R.S. 23:1195(A)(1); former La.R.S. 23:1191. Thus, LHB is not an insurance company or insurer. Cf. Bowens v. General Motors Corp., 608 So.2d 999 (La.1992); Tugger v. Continental Cas. Ins. Co., 27,047 (La.App. 2d Cir.06/21/95), 658 So.2d 769, writ denied, 95-1829 (La. 11/03/95), 661 So.2d 1380. Moreover, inasmuch as Mr. Brown is not a party to the indemnity agreement of his employer, he cannot proceed directly *157 against the self-insurance fund. La.C.C.P. Art. 927; Tugger, supra. Instead, his only right of action is against Pioneer. La.R.S. 23:1031(A).

Employment Availability
While agreeing with the findings of the WCHO, we note one aspect of this case which warrants further discussion. In making a determination of availability of employment within the meaning of La.R.S. 23:1221(3)(c)(I), an employer may carry his burden of proving employment availability by showing only general availability within the claimant's community or reasonable geographic area, and physical capabilities. Mayeux v. Kentucky Fried Chicken, 28,163 (La.App. 2d Cir. 4/3/96) 671 So.2d 1261; Romero v. Grey Wolf Drilling Co., 594 So.2d 1008 (La.App. 3d Cir.1992). For an employer to prove availability, it is not necessary to have job placement, or even the offering of a job. Mayeux, supra; Romero, supra.
In this case, the WCHO correctly determined Pioneer met its burden. Five of seven job identified jobs were approved by Dr. Sutton as being within Mr. Brown's physical limitations. All of these jobs were within a reasonable geographic area of Mr. Brown's residence. The record indicates that it was Mr. Brown's reluctance to seek re-employment rather than the unavailability of jobs which contributed to his continued unemployment. During the hearing, Mr. Brown admitted he did not seek jobs identified by the rehabilitation consultant because they were minimum wage jobs, and he could not make any money doing them. According, we emphasize our agreement with WCHO regarding the factual finding of job availability in this case.

DECREE
For the foregoing reasons, we affirm the decision of the worker's compensation hearing officer in all respects except in the failure to sustain the exception of no right of action filed by LHB. We sustain the exception and reject the plaintiff's demands against LHB. All costs are borne by Brown.
NOTES
[1] Acts 1995, No. 703, effective June 21, 1995, repealed the former worker's compensation provisions relative to "Group Self-Insurance Funds." That same legislation also amended and revised those sections, now redesignated as La.R.S. 23:1195, et seq., with only minor substantive changes.